UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| MAURICE LOCKETT, | : | |
| Plaintiff, | : | |
| v. | : | Case No.: 1:22-cv-02935-CJN |
| | : | |
| METROPOLITIAN POLICE DEPARTMENT, *et al.,* | : | |
| | : | |
| Defendants. | : | |

**PLAINTIFF'S MEMORANDUM OF OPPOSING POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION TO DISMISS**

COMES NOW, your Plaintiff, Maurice Lockett, by and through his Undersigned Counsel, hereby submits this Memorandum of Opposing Points and Authorities in Support of Plaintiff's Opposition to Defendants' Motion to Dismiss.

**LEGAL STANDARD**

In evaluating a Rule 12(b)(6) motion to dismiss for failure to state a claim the court must construe the complaint in a light most favorable to the plaintiff and must accept as true all reasonable factual inferences drawn from well-pleaded factual allegations. *In re United Mine Workers of Am. Employee Benefit Plans Litig.*, 854 F. Supp. 914, 915 (D.D.C. 1994); *see also Schuler v. United States,* 617 F.2d 605,608 (D.C. Cir. 1979). Moreover, the court is not bound to accept the legal conclusions of the non-moving party. *See Taylor v. FDIC*, 132 F.3d 753, 762 (D.C. Cir. 1997). When a motion to dismiss is based on the complaint, the facts alleged in the complaint control. *See Behrens v. Pelletier,* 516 U.S. 299, 309 (1996).

## ARGUMENT

I. **Defendants, The Metropolitan Police Department ("MPD") and The Central Detention Facility ("CDF") Are Suitable Parties In Their Official Capacities And The District Of Columbia (the "District") May Be Substituted As A Party To The Suit.**

The Supreme Court has held that suing a Chief of Police in his official capacity is an appropriate alternative to "pleading an action against an entity of which an officer is an agent." *See Monell v. N.Y. Dep't of Social Svcs.,* 436 U.S. 658, 690 (1978). ("Our holding today that local governments can be sued under §1983 necessarily decides that local government officials used in their official capacities are 'persons' under §1983 in those cases in which, as here, a local government would be suable in its own name.") *Kentucky v. Graham*, 473 U.S. 159, 166 (1985) ("As long as the government entity receives notice and an opportunity to respond, an official-capacity suit is, in all respects other than name, to be treated as a suit against the entity.") Therefore, the Plaintiff properly brought this action against the Chief of Police and CDF Warden in their official capacity serves as the proper notice to the District and provided the District with an opportunity to respond. *See, Gasser v. Ramsey,* 125 F. Supp. 2d 1, 1 (D.D.C 2000); Griffith v. Ramsey No. 06-01223 (HHK), 2006 U.S. Dist. LEXIS 58151 (D.D.C. Aug. 18, 2006).

Additionally, the Defendants in their Motion to Dismiss identify that this Court may substitute the District as the proper defendant to be sued. Therefore, this Court should find that the Plaintiff has properly brought their action against the Defendants and the District. Even if this Court finds that the District has not been properly joined or notified, the court has the authority to substitute the District as a named defendant to this action, or grant leave to amend the current

Complaint by Plaintiff's Counsel. *See Sampson v. D.C. Dep't of Corr.,* 20 F. Supp. 3d 282, 285 (D.D.C. 2014).

## II. The Plaintiff Has Met Its Burden To Successfully Plead A Claim Under 42 U.S. §1983.

To successfully state a claim under 42 U.S. §1983 the court must ensure two elements are met. The first is whether the complaint states a claim for a predicate constitutional violation. The second is whether the complaint states a claim that a custom or policy of the municipality caused the violation. *See Collins v. City of Haker Heights,* 503 U.S. 115, 124, (1992) and *Baker v. District of Columbia,* 356 U.S. App. D.C. 47, 51 (2003). In order to prove the second element of 42 U.S. §1983 is satisfied the court must determine whether or not the plaintiff has alleged an "affirmative link". *See City of Oklahoma City v. Tuttle,* 471 U.S. 808, 823 (1985). The Defendants allege that the Plaintiff's cause of action should fail because it does not meet the second element regarding the District's custom or policy gave rise to the Plaintiff, Mr. Lockett's current cause of action.

However, in *Baker* the court acknowledges that there a number of ways in which a "policy" can be set by a municipality and one of those ways is, "the failure of the government to show and respond to a need (for example, training of employees) in such a manner as to show 'deliberate indifference' to the risk that not addressing the need will result in constitutional violations." *Baker v. District of Columbia* 356 U.S. App. D.C. 47, 51 (2003). Deliberate indifference is determined by analyzing whether the municipality knew or should have known the risk of constitutional violations by an objective standard. *Baker v. District of Columbia* 356 U.S. App. D.C. 47, 52 (2003). In the Complaint the following facts are pertinent and give rise to an "affirmative link" between the constitutional violations endured by the Plaintiff and the

District's policy or custom that caused the violation given the caselaw in this area. Officer Issac Connie is an employee of MPD who committed a tort of negligence while acting with the scope of his employment. Comp. ¶ 31. The DC Central Detention Facility and Warden Kathleen Landerkin failed to keep Mr. Lockett safe and secure when the officers at the facility were able to access Mr. Lockett's cell and hit him. Comp. ¶ 45. Kathleen Landerkin had a duty to keep Mr. Lockett safe and breached that duty when her staff failed to properly supervise the Metropolitan Police Officer within the detention facility who later assaulted Mr. Lockett. Comp. ¶ 46.

Similar to *Kotsch v. District of Columbia*[1] Mr. Lockett was criminally charged for an offense that resulted in him being beaten by an MPD officer where the original charges against Mr. Lockett were dismissed for lack of evidence shortly after the assault. Additionally, Mr. Lockett like in *Kotsch* was allegedly asked to comply with a command by officers, when he failed to respond MPD officers assaulted him. In *Kotsch* this court found on appeal that a jury could conclude that the unlawfulness of the officers' actions was so apparent that no reasonable officer could have believed in the lawfulness of his action. Therefore, the Plaintiff's pleading for a §1983 excessive force violation was upheld. Comp. ¶65.  As demonstrated throughout the Plaintiff's Complaint many facts are alleged that show an affirmative link to the District. There is related caselaw on this issue and a pattern of negligence and poor oversight within MPD and CDF.

As the relevant caselaw indicates a municipalities inadequate policies, procedures, and practices is judged by an objective standard the facts alleged in the Plaintiff's complaint are sufficient and satisfy both requirements for a 42 U.S. §1983 claim.

---

[1] *Kotsch v. District of Columbia,* 924 A.2d 1040 (D.C. 2007).

### III. Plaintiff's Gross Negligence Claim Against MPD and CDF Sufficiently Are Pled.

The District of Columbia may be sued under the common law doctrine *respondeat superior* for torts committed by its employees acting within the scope of their employment. An employer is also liable for the gross negligence of his employees if at the time of the grossly negligent act the employee acting within the scope of their employment. This applies even where the employee injures a third person while disobeying their boss's direction. *See District of Columbia v. Davis,* 386 A.2d 1195, 1202 (D.C. 1978). To adequately plead a gross negligence claim, Plaintiff must satisfy the elements of negligence are the proof of a standard of care, and a deviation from that standard of care by the defendant, and a causal link between the deviation and the Plaintiff's injury, and that the defendant's actions were an "extreme departure from the applicable standard of care". *Wage v. Pro,* 602 F.2d 1005, 1010 (D.C. Cir. 1979) and *Holder v. District of Columbia,* 700 A.2d 738, 741 (D.C. 1997).

The Defendants argue that the Plaintiff did not plead at least one factual scenario that presents an aspect of negligence apart from the use of force itself. *See Defendants' Motion to Dismiss Point and Authorities* page 6. However, the Plaintiff did plead each fact of the assault the Plaintiff endured, and in addition, "The DC Central Detention Facility and Warden Kathleen Landerkin failed to keep Mr. Lockett safe and secure when the officer at the facility were able to access Mr. Lockett's cell and hit him." Comp. ¶ 45. The Plaintiff also asserts a claim of Malicious Prosecution which does present a factual and aspect of negligence apart from the use of force itself. Plaintiff's theory of negligence is established throughout the Complaint and is clear as a failure to properly supervise and failure to file justifiable criminal charges against the Plaintiff, Mr. Lockett.

The Defendants argue that in order to satisfy a gross negligence claim under a negligent supervision theory is only available when an "employer knew or should have known its employee behaved in a dangerous or otherwise incompetent manner, and that employer, armed with that actual or constructive knowledge, failed to adequately supervise the employee." *Godfrey v. Iverson,* 559 F.3d 569, 573 (D.C. Cir. 2009). Upon a denial of the Defendant's Motion to Dismiss the Plaintiff will be able to propound discovery upon MPD and DCF that will demonstrate the Officer's propensity to act incompetently providing his employer with at least the constructive knowledge of MPD officer's impermissible conduct.

### IV. **Plaintiff's Malicious Prosecution Claim Is Sufficiently Pled Because The Critical Event That Triggers Liability Under This Cause of Action Is The Filing Of A Criminal Charge.**

The Defendants assert that according to caselaw the government entering a case *Nolle Prosequi* is insufficient to plead that the underlying case was favorably terminated. However, the Defendants fail to acknowledge in *Kenley v. District of Columbia,* 83 F. Supp. 3d 20, 43 (D.D.C. 2015) that merely because a *Nolle Prosequi* disposition cannot be proven to be favorable on its own does not prevent a malicious-prosecution claim under 42 U.S. §1983. The underlying Complaint is predicated upon a §1983 action and therefore should be permitted to continue throughout this litigation process.

### CONCLUSION

Plaintiff, by the Undersigned Counsel request this Court to deny Defendants' Motion to Dismiss because the District has notice of this action and the ability to be respond, and the Plaintiff has sufficiently pled negligence actions, and an action under 42 U.S. §1983.

Date: January 10, 2023

Respectfully Submitted,

/s/ *Andrew O. Clarke*

**Andrew O. Clarke. Esquire**
DC BAR NO.: 1032649
**A. CLARKE LAW, PLLC**
163 Waterfront Street, Suite 440
National Harbor, MD 20745
T: (202)780-9144
F: (202)747-5827
a.clarke@aclarkelaw.com
*Counsel for Plaintiff*

## CERTIFICATE OF SERVICE

I certify that on this 10th day of January 2023, I served via EM/CEF a copy of the foregoing to Assistant Attorney General Zita Orji, counsel for the defendants.