UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

MAURICE LOCKETT,

        *Plaintiff*,

    v.

METROPOLITAN POLICE
DEPARTMENT, *et al.*,

        *Defendants*.

Civil Action No. 1:22-cv-02935 (CJN)

## MEMORANDUM OPINION AND ORDER

Plaintiff Maurice Lockett alleges that an officer assaulted him while he was detained at the District of Columbia's Seventh District police station in March 2021. Compl. ¶¶ 10–11. After the alleged assault, Lockett was himself charged with assaulting a police officer, but that charge was later dismissed through an entry of *nolle prosequi*. *Id.* ¶¶ 12, 15, 55. Lockett now brings five claims against the Metropolitan Police Department ("MPD") and the D.C. Central Detention Facility ("CDF"): (1) excessive force under 42 U.S.C. § 1983, (2) assault, (3) gross negligence, (4) negligent supervision, and (5) malicious prosecution. MPD and CDF move to dismiss for failure to state a claim. Defs.' Mot. to Dismiss at 1, ECF No. 8. For the following reasons, the Court will grant the motion.

As a preliminary matter, MPD and CDF are *non sui juris*, meaning they cannot be sued separate from the District of Columbia. *See*, *e.g.*, *Allen-Brown v. District of Columbia*, 54 F. Supp. 3d 35, 40 (D.D.C. 2014). When a plaintiff brings a claim against a *non sui juris* entity, the court may substitute the proper defendant, *Sampson v. D.C. Dep't of Corr.*, 20 F. Supp. 3d 282, 285 (D.D.C. 2014), but the court may decline to do so if substitution would be futile, *Carter-El v. D.C.*

1

*Dep't of Corr.*, 893 F. Supp. 2d 243, 247–48 (D.D.C. 2012). Substituting the District as the defendant here would be futile because Lockett fails to state a claim for relief. For simplicity, however, the Court will refer to the District as the defendant.[1]

To begin, Lockett fails to state a claim under § 1983 because he does not allege facts sufficient to support municipal liability. Courts treat the District of Columbia as a municipality for purposes of § 1983 claims. *See*, *e.g.*, *Harvey v. District of Columbia*, 798 F.3d 1042, 1049 (D.C. Cir. 2015); *Warren v. District of Columbia*, 353 F.3d 36, 38 (D.C. Cir. 2004); *Grissom v. District of Columbia*, 853 F. Supp. 2d 118, 122 (D.D.C. 2012). "[A] municipality can be found liable under § 1983 only where the municipality *itself* causes the constitutional violation at issue." *City of Canton, Ohio v. Harris*, 489 U.S. 378, 385 (1989). Municipal liability thus requires a "direct causal link between a municipal policy or custom and the alleged constitutional deprivation." *Id.*; *see also Baker v. District of Columbia*, 326 F.3d 1302, 1306–07 (D.C. Cir. 2003) (recognizing that a municipality's "deliberate indifference" to the risk of constitutional violations can qualify as a policy or custom under § 1983).

Lockett fails to allege that the District had a policy or custom that caused the purported constitutional violation. Instead, he rests on the claim that his constitutional rights were violated by a metropolitan police officer. But the doctrine of *respondeat superior*, on which Lockett

---

[1] Lockett claims that he also named former Chief of Police Robert Contee and CDF Warden Kathleen Landerkin as defendants in their official capacities. Pl.'s Opp'n to Defs.' Mot. to Dismiss at 2, ECF No. 10-1. But while Lockett identified those individuals in the first sentence of his Complaint, he did not list them as parties or name them as defendants in either the caption or the civil cover sheet. Compl. at 1. In any event, this issue has no bearing on the legal analysis. *See Kentucky v. Graham*, 473 U.S. 159, 165–66 (1985) (noting that "an official-capacity suit is, in all respects other than name, to be treated as a suit against the entity").

appears to rely, cannot support municipal liability under § 1983. *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658, 691 (1978).[2]

Next, Lockett's assault claim is barred by the one-year statute of limitations.[3] D.C. Code § 12-301(4). Lockett alleges that an officer assaulted him in March 2021, but he filed this suit in September 2022. Because Lockett does not respond to the District's argument that his assault claim is time-barred, he concedes the issue. *Hopkins v. Women's Div., Gen. Bd. of Glob. Ministries*, 284 F. Supp. 2d 15, 25 (D.D.C. 2003).

Lockett appears to bring two gross negligence claims—one "against MPD" and the other "against CDF." As for the claim "against MPD" (which is really against the District), Lockett fails to allege a theory of negligence independent of his assault claim. He simply alleges that the officer violated a legal duty by using excessive force and that the officer's "negligence" can be imputed to the District under the doctrine of *respondeat superior*. Compl. ¶¶ 28–38. But a negligence claim cannot rest solely on the commission of an intentional tort. *District of Columbia v. Chinn*, 839 A.2d 701, 711 (D.C. 2003) (observing that "negligence must be distinctly pled and based upon at least one factual scenario that presents an aspect of negligence apart from the use of excessive force itself and violative of a distinct standard of care"); *see also id.* ("It is tautological to speak of

---

[2] Elsewhere in the Complaint, Lockett alleges that the warden "failed to properly supervise the Metropolitan Police Officer within the detention facility who later assault [him]." Compl. ¶ 46. This bare allegation is insufficient to support municipal liability under a deliberate indifference or failure-to-supervise theory. *McComb v. Ross*, 202 F. Supp. 3d 11, 17 (D.D.C. 2016) (noting that deliberate indifference and failure-to-supervise theories are "stringent standard[s]" that generally require plaintiffs to allege a pattern of overlooked constitutional violations (quotations omitted)).

[3] The Court will retain supplemental jurisdiction over Lockett's common law claims because they arise from the same nucleus of operative fact as the federal claim and judicial economy and convenience support retaining jurisdiction. *Armbruster v. Frost*, 962 F. Supp. 2d 105, 116 (D.D.C. 2013) (retaining supplemental jurisdiction over common law claims after dismissing federal claim).

the applicable standard of care as being the duty not to use excessive force."); *Spicer v. District of Columbia*, 916 F. Supp. 2d 1, 4–5 (D.D.C. 2013) (same).

As for the gross negligence claim "against CDF" (which is also really against the District), Lockett makes no attempt to allege "such an extreme deviation from the ordinary standard of care as to support a finding of wanton, willful and reckless disregard or conscious indifference for the rights and safety of others." *Tillery v. District of Columbia*, 227 A.3d 147, 151 (D.C. 2020). He instead seems to rest on a theory of negligent supervision—that the District "had a duty to keep him safe and breached that duty when . . . staff failed to properly supervise" the officer. Compl. ¶¶ 45–46. But this theory fails because Lockett again alleges insufficient facts to support a finding of negligent supervision. Liability for negligent supervision turns on a showing that an "employer knew or should have known its employee behaved in a dangerous or otherwise incompetent manner, and that the employer, armed with that actual or constructive knowledge, failed to adequately supervise the employee." *Godfrey v. Iverson*, 559 F.3d 569, 571 (D.C. Cir. 2009) (quoting *Brown v. Argenbright Sec., Inc.*, 782 A.2d 752, 760 (D.C. 2001)). But Lockett does not allege that the District had "actual or constructive knowledge" that the officer "behaved in a dangerous or otherwise incompetent manner" before the incident at issue. And without notice of the officer's allegedly dangerous behavior, the District cannot be held liable for failure to supervise. *Spiller v. District of Columbia*, 302 F. Supp. 3d 240, 255 (D.D.C. 2018).

Finally, Lockett's common law malicious prosecution claim fails because he does not allege that his charge was favorably dismissed.[4] To succeed on a claim of malicious prosecution

---

[4] The Complaint does not specify whether Lockett's malicious prosecution claim is brought under D.C. law or § 1983, which are governed by different standards. *See Thompson v. Clark*, 142 S. Ct. 1332, 1341 (2022) (holding that "a Fourth Amendment claim under § 1983 for malicious prosecution does not require the plaintiff to show that the criminal prosecution ended with some affirmative indication of innocence"). To the extent Lockett relies on § 1983, however, he still

under D.C. law, a plaintiff must allege four elements, including "termination of the proceeding in favor of the accused." *DeWitt v. District of Columbia*, 43 A.3d 291, 296 (D.C. 2012). A favorable termination "must reflect on the merits of the underlying action." *Brown v. Carr*, 503 A.2d 1241, 1246 (D.C. 1986). "Merely alleging that criminal charges were dismissed is . . . insufficient to plead that the underlying case was favorably terminated." *Kenley v. District of Columbia*, 83 F. Supp. 3d 20, 42 (D.D.C. 2015). Here, the assault charge against Lockett was dismissed through an entry of *nolle prosequi*. Compl. ¶ 55; Gov't's Not. of *Nolle Prosequi*, Ex.1, ECF No. 8-1. Such a dismissal does not necessarily reflect on the merits of the action, and Lockett pleads no other facts to suggest that the dismissal constituted a favorable termination. *Kenley*, 83 F. Supp. 3d at 42 (dismissing malicious prosecution claim because the underlying dismissal was *nolle prosequi* and the plaintiff failed to plead that the case was favorably terminated).

For all these reasons, it is **ORDERED** that the Defendants' Motion to Dismiss, ECF No. 8, is **GRANTED** and the Complaint is **DISMISSED** without prejudice.

This is a final appealable order.

The Clerk is directed to terminate the case.

DATE:  July 27, 2023

                                                               CARL J. NICHOLS
                                                               United States District Judge

---

fails to state a claim for municipal liability for the reasons given above. *See Dant v. District of Columbia*, 829 F.2d 69, 77 (D.C. Cir. 1987) (affirming dismissal of malicious prosecution claim under § 1983 for failure to allege an official policy or custom).